# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NADER GONZALEZ,
    Petitioner,

vs.

ERNIE MOORE, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-437

Dlott, J.
Black, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case through counsel seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is now before the Court upon the petition (Doc. 1) and respondent's return of writ. (Doc. 3).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On April 30, 2002, petitioner was convicted on two counts of felonious assault for his failure to disclose to a sexual partner his knowledge that he was HIV-positive. (Doc. 3, Exh. 3). The trial court sentenced petitioner to two eight-year terms of imprisonment to run consecutively for a total of 16 years imprisonment. (Doc. 3, Exh. 4).

### Direct Appeal

Petitioner, represented by trial counsel, filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio. (Doc. 3, Exh. 5). On August 22, 2003, the Ohio Court of Appeals affirmed the conviction. (Doc. 3, Exh. 8).

Petitioner, through the same counsel who represented him in the trial court and on direct appeal, filed a timely appeal to the Supreme Court of Ohio. (Doc. 3, Exhs. 11, 12). On December 10, 2003, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 3, Exh. 14).

**Delayed Application to Reopen Direct Appeal in the First District Court of Appeals**

On May 16, 2006, petitioner, through new counsel, filed a delayed application to reopen the direct appeal pursuant to Ohio App. Rule 26(B). (Doc. 3, Exh. 15). Petitioner's application was denied by the Ohio Court of Appeals on June 26, 2006. (Doc. 3, Exh. 17). The Court of Appeals determined that petitioner failed to demonstrate good cause for his untimely filing of his application to reopen his appeal. *Id.*

Petitioner filed a timely appeal to the Ohio Supreme Court. (Doc. 3, Exhs. 18-20). On October 18, 2006, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. 3, Exh. 22).

**Federal Habeas Corpus**

On June 4, 2007, petitioner, through counsel, filed a petition for writ of habeas corpus in this Court. (Doc. 1). The petition sets forth three grounds for relief: (1) that he received ineffective assistance of counsel during the direct appeal; (2) that the statute under which he was convicted was unconstitutionally vague; and (3) that the sentence imposed violated the Sixth Amendment. (Doc. 1, attachment).

Respondent contends the petition is time-barred and should be dismissed; that Grounds One and Three of the petition have been procedurally defaulted and waived; and that Ground Two of the petition is without merit. Because the Court agrees that the instant petition is

2

untimely under the one-year statute of limitations and should be dismissed as time-barred, the Court declines to reach respondent's alternate contentions.

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Ground One of the petition asserts petitioner was denied the effective assistance of appellate counsel. Ground Two of the petition seeks habeas corpus relief based on a claim that the statute under which petitioner was convicted was unconstitutionally vague.

3

Ground Three of the petition asserts petitioner was sentenced in violation of the Sixth Amendment pursuant to the Supreme Court's decisions in *Blakely v. Washington,* 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). It is clear from the record that petitioner was well aware of the facts underlying his ineffective assistance of appellate counsel claim, due process claim, and sentencing claim set forth in Grounds One, Two and Three of the petition by the conclusion of the direct review proceedings. Therefore, the petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.[1]

Under § 2244(d)(1)(A), petitioner's conviction became "final" on March 9, 2004, ninety days after the Supreme Court of Ohio denied leave to appeal.[2] *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000)(one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Therefore, the statute of limitations commenced running the following day on March 10, 2004, and expired one year later on March 10, 2005, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for

---

[1] Section 2244(d)(1)(C) does not apply in this case to delay the start of the statute of limitations with respect to petitioner's claim that his sentence is unconstitutional under the Supreme Court's decision in *Blakely* because *Blakely* does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

[2] Direct review of conviction includes review by the United States Supreme Court. *Bell v. Maryland*, 378 U.S. 226, 232 (1964).

4

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz*, 531 U.S. 4, 8-9 (2000).

In this case, the statute of limitations had already expired by the time petitioner filed his application to reopen the direct appeal on May 16, 2006. Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Since the AEDPA's one-year period had expired more than one year before petitioner filed his application to reopen the direct appeal, there was no time left to toll, and the AEDPA's tolling provision does apply.

The statute of limitations in this matter expired on March 10, 2004. Petitioner's habeas corpus petition was filed in this Court on June 4, 2007 and, accordingly, it was submitted over two years too late.

Petitioner is not entitled to equitable tolling in this matter. The statute of limitations may be equitably tolled in limited circumstances. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599, following *Schlup v. Delo*, 513 U.S. 298 (1998). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the

5

gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court must examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has not

6

filed a response to the return of writ and has made no attempt to apply the five *Dunlap* factors to this case. The only possible excuse for petitioner's delayed filing is found in his "affidavit"[3] submitted in conjunction with his Rule 26(B) delayed application to reopen the direct appeal filed in the state court. (Doc. 3, Exh. 15). In his affidavit, petitioner states that after his appeal was denied, his appellate attorney did not inform him of the ability to file a motion to reopen the direct appeal, which he only recently learned was an available remedy. (Doc. 3, Exh. 15, affidavit at ¶4). Petitioner also states he is "unlearned in the law" and "until recently, was unable to adequately converse in the English language." (*Id.* at ¶5).

Petitioner's reliance on the unreasonable or incorrect advice of his attorney is not a ground for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004), *cert. denied*, 543 U.S. 865 (2004). *See also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'"). Even assuming petitioner received bad or no advice from appellate counsel with regard to his further remedies, petitioner does not account for the more than two-year delay in filing his delayed application to reopen the direct appeal. Petitioner does not indicate the date he first learned of the possibility of filing an application to reopen the direct appeal or the date he contacted counsel to pursue this remedy. Nor does he explain any delay in this regard.

In addition, petitioner's ignorance of the law does not justify equitable tolling. *Yukins*, 366 F.3d at 403. "[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations...." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th

---

[3]Although this document is entitled "Affidavit" it is not sworn to by a notary public.

7

Cir. 2002), *cert. denied*, 538 U.S. 984 (2003). Moreover, "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Cobas*, 306 F.3d at 444. Despite petitioner's limited English language skills, he was able to pursue a direct appeal to the Ohio Court of Appeals and the Supreme Court of Ohio, as well as a motion to reopen the direct appeal, all with the assistance of counsel. Even though petitioner was assisted by counsel in these filings, that fact shows he was able to communicate sufficiently with others to obtain assistance. Since he has not been prevented from accessing the courts, his lack of English proficiency is insufficient to toll the statute of limitations.

Finally, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part

8

standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/6/08

Timothy S. Black
United States Magistrate Judge

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NADER GONZALEZ,
    Petitioner,

vs.

ERNIE MOORE, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-437

Dlott, J.
Black, M.J.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

10